**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| and | Civil Action No. |
| THE STATE OF INDIANA, | |
| Plaintiffs, | Judge |
| v. | |
| SANITARY DISTRICT OF HIGHLAND, INDIANA; and the TOWN OF GRIFFITH, INDIANA, | |
| Defendants. | |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States, and acting on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Indiana (the "State"), by the authority of its Attorney General and on behalf of the Indiana Department of Environmental Management ("IDEM"), allege as follows:

## NATURE OF ACTION

1.      This is a civil action brought by the United States and the State pursuant to the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), seeking injunctive relief and the assessment of civil penalties against the Sanitary District of Highland, Indiana ("Defendant Highland") and the Town of Griffith, Indiana ("Defendant Griffith"). The Complaint alleges that Defendants Highland and Griffith had numerous unauthorized and illegal discharges of sanitary sewage from their sanitary sewer collection systems to navigable waters, including the Little

Calumet River and/or adjacent wetlands in violation of 33 U.S.C. § 1311(a); Title 13 of the Ind. Code; and Title 327 of the Indiana Administrative Code ("IAC"), Articles 2 and 5. The Complaint also alleges that Defendants Highland and Griffith have failed to comply with administrative orders issued to them by EPA pursuant to the CWA, 33 U.S.C. §§ 1318(a) and 1319(a).

2.      Defendants are joined in the same cause of action pursuant to Fed. R. Civ. P. 20(a)(2) because the claims against Defendants Highland and Griffith are similar in nature. In addition, both communities rely on the neighboring town of Hammond, Indiana to treat all of their sanitary sewage and pay relative percentages of Hammond's capital investments in its wastewater conveyance and treatment infrastructure.

## JURISDICTION, VENUE, AUTHORITY, AND NOTICE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355. The State is a party to this action pursuant to 33 U.S.C. § 1319(e), and 28 U.S.C. § 1367(a).

4.      This Court has supplemental jurisdiction over the State law claims alleged here pursuant to 28 U.S.C. § 1367(a) because the State claims are related to the federal claims and form part of the same case or controversy.

5.      Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. § 1391(b) and 33 U.S.C. § 1319(b) because it is the judicial district where Defendants Highland and Griffith are located and where the alleged violations occurred. Venue in this District is also proper under 28 U.S.C. § 1367(a).

6.      As a signatory to this Complaint, the State has actual notice of the commencement of this action in accordance with 33 U.S.C. § 1319(b).

7.      The Attorney General of the United States is authorized to appear and represent the United States in this action pursuant to 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

8.      The Indiana Attorney General is authorized to appear and represent the State in this action pursuant to Ind. Code §§ 4-6-3-2(a), 13-30-4-1, and 13-14-2-6.

## THE PARTIES

9.      Plaintiff United States is acting at the request and on behalf of the Administrator of EPA. Plaintiff the State of Indiana is acting at the request and on behalf of the Commissioner of IDEM. Plaintiff, the State of Indiana is a "State" and "person" within the meaning of the CWA, 33 U.S.C. § 1362(4) and (5).

10.      The CWA requires that a state be joined as a party when the United States sues a municipality of the state. 33 U.S.C. § 1319(e). Here, the State is a co-plaintiff, along with the United States, in this action. IDEM is authorized to implement the CWA within the State. Ind. Code § 13-13-5-1(1). Indiana regulations incorporate the CWA, 33 U.S.C. § 1251 *et seq.*, by reference. 327 IAC 5-2-1.5(1).

11.      Defendant Highland is a political subdivision of the State. Defendant Highland owns and operates a sanitary sewer collection system in the Town of Highland, Indiana.

12.      Defendant Griffith is an incorporated township in Lake County, Indiana. Defendant Griffith owns and operates a sanitary sewer collection system and equalization basin in the Town of Griffith, Indiana.

13.      Defendants Highland and Griffith are "municipalities" and "persons" within the meaning of the CWA, 33 U.S.C. § 1362(4) and (5).

## GOVERNING LAW

14.     The objective of the CWA is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters. 33 U.S.C. § 1251.

15.     To promote the objective of the CWA, the CWA and Indiana Code prohibit the "discharge of any pollutants" by any person except, among other things, in compliance with a NPDES permit issued by an authorized state pursuant to 33 U.S.C. § 1342(b). 33 U.S.C. § 1311(a); Ind. Code 13-30-2, 327 IAC 5-2-2.

16.     The CWA defines "discharge of a pollutant" to mean, among other things, "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12). *See also* 327 IAC 5-1.5-11 (similarly defining "discharge of a pollutant").

17.     The CWA and Indiana regulations define "pollutant" to include sewage. 33 U.S.C. § 1362(6); 327 IAC 5-1.5-41.

18.     Under the CWA and Indiana Code, a "point source" is "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel . . . from which pollutants are or may be discharged." 33 U.S.C. § 1362(14); 327 IAC 5-1.5-40.

19.     The CWA defines "navigable waters" as "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7). "Waters of the United States" have been further defined to include, among other things, waters that are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce, interstate waters, tributaries of such waters, and wetlands adjacent to the foregoing waters. 40 C.F.R. § 122.2.

20.     Indiana law defines "waters of the state" to include "the accumulations of

4

water, surface and underground, natural and artificial, public and private; or a part of the
accumulations of water that are wholly or partially within, flow through, or border upon
Indiana." Ind. Code. 13-11-2-265.

21.     33 U.S.C. § 1319(a)(3), states that whenever the Administrator of EPA finds a
person in violation of 33 U.S.C. § 1311(a), the Administrator may issue an order requiring that
person to comply with the provisions of the CWA.

22.     The CWA provides that EPA is authorized to commence a civil action for
appropriate relief, including a permanent or temporary injunction, when any person violates 33
U.S.C. § 1311. Indiana is authorized to enforce its water pollution control laws under Ind. Code
§§ 13-30-1-1, 13-30-3, or 13-14-1-12.

23.     Any person who violates 33 U.S.C. § 1311, or an order issued pursuant to 33
U.S.C. § 1319(a), is subject to a civil penalty. The applicable civil penalty levels are up to
$37,500 per day for each violation occurring between January 12, 2009 and November 2, 2015;
and $59,973 per day for each violation occurring after November 2, 2015. *See* 40 C.F.R. § 19.4.

24.     The State is authorized to commence a civil action for appropriate relief,
including injunctive relief and civil penalties, to address violations of Title 327 of the Indiana
Administrative Code, Article 5. 327 IAC 5-2-20 and Ind. Code §§ 13-30-4-1 and 13-14-2-6. This
relief may include a permanent or temporary injunction, as well as a civil penalty of up to
$25,000 per day for each violation.

## GENERAL ALLEGATIONS

### A.    Defendant Highland

25.    Defendant Highland owns and operates a sanitary sewer collection system that conveys sewage from the Town of Highland, Indiana to the Hammond Sanitary District's ("HSD") wastewater collection system and wastewater treatment plant for treatment.

26.    Defendant Highland does not have a NPDES Permit and is, therefore, prohibited from "discharg[ing] any pollutants" under the CWA, 33 U.S.C. § 1311(a); Ind. Code 13-30-2.

27.    When Defendant Highland's sanitary sewer collection system gets overloaded, the system overflows in several different locations and discharges untreated sewage to the Little Calumet River or the Cady Marsh Ditch, a tributary of the Little Calumet River with perennial flow. The Cady Marsh Ditch flows to Hart Ditch and then to the Little Calumet River.

28.    Defendant Highlands's sanitary sewer collection system is a "point source" as that term is defined in 33 U.S.C. § 1362(14) and 327 IAC 5-1.5-40.

29.    The Little Calumet River and the Cady Marsh Ditch are "navigable water[s]" of the United States within the meaning of 33 U.S.C. § 1362(7) as well as "water[s] of the state" of Indiana as defined in Ind. Code § 13-11-2-265.

30.    On August 10, 2011, under the authority of 33 U.S.C. §§ 1318(a) and 1319(a), EPA issued an Administrative Order ("2011 Order") to Defendant Highland to address recurring sanitary sewer overflows ("SSOs") from its sewer collection system.

31.    In the 2011 Order, among other things, EPA required Defendant Highland to submit a Sewer System Evaluation Study ("SSES"), which was to include a plan to eliminate all SSOs.

32.     Defendant Highland submitted its SSES to EPA pursuant to the order. The SSES proposed a plan that involved building a wastewater storage tank in Highland and negotiating with HSD to increase Highland's contracted pumping capacity to the HSD system.

33.     In the interim, EPA requested that Highland develop an alternative plan to prioritize the implantation of storage tanks and relief sewers. Accordingly, Highland proposed an "Interim Plan" in May 2014 that included construction of a storage tank, replacing a sewer interceptor, and conducting certain monitoring within two and a half years.

34.     EPA approved the Interim Plan on August 25, 2014 and the schedule to implement the Interim Plan became enforceable under the 2011 Order.

35.     Defendant Highland failed to obtain the required construction permit and thus, never implemented the Interim Plan.

36.     On October 15, 2015, EPA sent a Notice of Violation letter to Defendant Highland formally notifying Highland of its noncompliance with the 2011 Order and instructing Highland to either develop a new plan or begin implementing the Interim Plan without delay. Defendant Highland failed to meet either requirement.

37.     On April 25, 2016, EPA sent Defendant Highland a letter formally disapproving the Interim Plan and instructing Highland to work with HSD and Griffith to develop a holistic approach that eliminates SSOs and achieves compliance with the CWA.

**B.     Defendant Griffith**

38.     Defendant Griffith owns and operates a sanitary sewer collection system, which includes piping and a 4.6 million gallon equalization basin that conveys sewage from the Town of Griffith, Indiana to the HSD's wastewater collection system and wastewater treatment plant for treatment.

39.     Defendant Griffith's sanitary sewer collection system is a "point source" as that term is defined in 33 U.S.C. § 1362(14); 327 IAC 5-1.5-40.

40.     Defendant Griffith does not have a NPDES Permit and is, therefore, prohibited from "dischar[ging] any pollutants" under 33 U.S.C. § 1311(a) and Ind. Code 13-30-2.

41.     On June 19, 1997, this District Court entered a Consent Decree between the United States, the State of Indiana, and the Town of Griffith, 2:93-cv-225 (J. Moody), designed to ensure Defendant Griffith's compliance with the CWA.

42.     Among other things, the Consent Decree required the Town of Griffith to construct a new pump station and equalization basin capable of temporarily storing Griffith's untreated wastewater and to develop a sewer system evaluation study to reduce inflow and infiltration of water into Griffith's sanitary sewer collection system.

43.     Despite these improvements, Defendant Griffith still experiences SSOs during certain wet weather events. When its sanitary sewer collection system gets overloaded, Defendant Griffith pumps untreated wastewater from its equalization basin to a wetland abutting the Little Calumet River. Each discharge of untreated wastewater to the wetland is a SSO.

44.     The adjacent wetland is a "navigable water." 33 U.S.C. § 1362(7); 40 C.F.R. §122.2(1); Ind. Code 13-11-2-265.

45.     On February 10, 2012, under the authority of 33 U.S.C. §§ 1318(a) and 1319(a), EPA issued an Administrative Order ("2012 Order") to Defendant Griffith to address recurring SSOs from its sewer collection system.

46.     In the 2012 Order, among other things, EPA required Defendant Griffith to cease all SSOs and submit an alternatives analysis of infrastructure improvements to eliminate all SSOs.

47.     In August 2012, Defendant Griffith submitted its alternatives analysis and recommended a plan to expand its equalization basin by 10 million gallons.

48.     EPA responded by requesting a revised alternatives analysis because it was not convinced that Defendant Griffith's recommended plan would eliminate SSOs.

49.     Defendant Griffith submitted a revised alternatives analysis in April 2013, which included the equalization basin expansion and increases to the amount of sanitary sewage Griffith would send to HSD. Later that year, Defendant Griffith informed EPA that the revised recommended plan was no longer viable because Defendant Griffith and HSD could not reach an agreement on increasing flow from Griffith to HSD.

50.     As a result, EPA sent a Notice of Violation letter to Defendant Griffith on October 26, 2015 formally notifying Griffith that it was not in compliance with EPA's 2012 Order.

51.     On April 26, 2016, EPA sent Defendant Griffith a letter formally disapproving the alternatives analysis and instructing Griffith to work with HSD and Highland to develop a holistic approach that eliminates SSOs and achieves compliance with the CWA.

## FIRST CLAIM FOR RELIEF
(Illegal Discharges of Untreated Wastewater by Defendant Highland)

52.     Paragraphs 1 through 51 are re-alleged and incorporated herein by reference.

53.     On at least 258 days since July 2012, Defendant Highland illegally discharged untreated sewage, which is a "pollutant" under 33 U.S.C. § 1362(2); and 327 IAC 5-1.5-41, from a point source to the Little Calumet River or the Cady Marsh Ditch without a permit.

54.     The Little Calumet River and the Cady Marsh Ditch are "navigable water[s]." 33 U.S.C. § 1362(7); 40 C.F.R. §122.2; Ind. Code 13-11-2-265.

55.     Each discharge constitutes a separate violation of the CWA. 33 U.S.C. § 1311(a).

9

56.     Each such discharge constitutes a separate violation of Ind. Code § 13-30-2-1 and 327 IAC 5-2-2.

57.     Unless enjoined by the Court, Defendant Highland will continue to violate 33 U.S.C. § 1311, and Ind. Code § 13-30-2-1 and 327 IAC 5-2-2.

58.     For each violation referred to in this claim, pursuant to 33 U.S.C. § 1319(b) and (d), Ind. Code § 13-30-4-1 and Ind. Code § 13-14-2-6,  Defendant Highland is subject to injunctive relief, as well as civil penalties in the amounts as set forth in Paragraphs 23-24 of this Complaint.

## SECOND CLAIM FOR RELIEF
(Violations of 2011 Order by Defendant Highland)

59.     Paragraphs 1 through 51 are re-alleged and incorporated herein by reference.

60.     Defendant Highland violated the 2011 Order issued by the Administrator under the authority of 33 U.S.C. §§ 1318(a) and 1319(a) by: failing to implement the schedule for the Interim Plan that was made part of the 2011 Order; failing to submit a feasible alternative to the Interim Plan; and failing to eliminate all SSOs.

61.     Unless enjoined by the Court, Defendant Highland will continue to violate the 2011 Order.

62.     For these violations, pursuant to 33 U.S.C. § 1319(b) and (d), and Ind. Code § 13-30-4-1 and Ind. Code § 13-14-2-6, Defendant Highland is subject to injunctive relief, as well as civil penalties in the amounts as set forth in Paragraphs 23-24 of this Complaint.

### THIRD CLAIM FOR RELIEF
(Illegal Discharges of Untreated Wastewater by Defendant Griffith)

63.     Paragraphs 1 through 51 are re-alleged and incorporated herein by reference.

64.     On at least 16 days since April 2013, Defendant Griffith illegally discharged untreated sewage, which is a "pollutant" under 33 U.S.C. § 1362(2) and 327 IAC 5-1.5-41, from a point source to a wetland adjacent to the Little Calumet River without a permit.

65.     The adjacent wetland is a "navigable water." 33 U.S.C. § 1362(7); 40 C.F.R. §122.2(1); Ind. Code 13-11-2-265.

66.     Each discharge constitutes a separate violation of 33 U.S.C. § 1311(a).

67.     Each such discharge constitutes a separate violation of Ind. Code § 13-30-2-1 and 327 IAC 5-2-2.

68.     Unless enjoined by the Court, Defendant Griffith will continue to violate 33 U.S.C. § 1311, and Ind. Code § 13-30-2-1 and 327 IAC 5-2-2.

69.     For each violation referred to in this claim, pursuant to 33 U.S.C. § 1319(b) and (d), Defendant Griffith is subject to injunctive relief, as well as civil penalties in the amounts as set forth in Paragraphs 23-24 of this Complaint.

### FOURTH CLAIM FOR RELIEF
(Violations of 2012 Order by Defendant Griffith)

70.     Paragraphs 1 through 51 are re-alleged and incorporated herein by reference.

71.     Defendant Griffith violated the 2012 Order issued by the Administrator under the authority of 33 U.S.C. §§ 1318(a) and 1319(a), by: failing to submit an alternatives analysis with a feasible, recommended alternative and schedule for completion; and failing to eliminate all SSOs.

72.     Unless enjoined by the Court, Defendant Griffith will continue to violate the 2012 Order.

73.     For each violation referred to in this claim, pursuant to 33 U.S.C. § 1319(b) and (d), Defendant Griffith is subject to injunctive relief, as well as civil penalties in the amounts as set forth in Paragraphs 23-24 of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States and the State, respectfully pray that this Court provide the following relief:

1.     A permanent injunction directing Defendant Highland to take all steps necessary to eliminate all SSOs;

2.     A permanent injunction directing Defendant Griffith to take all steps necessary to eliminate all SSOs;

3.     A judgment assessing civil penalties against Defendants Highland and Griffith in favor of the United States, not to exceed $37,500 per day for each separate violation of the CWA which occurred between January 12, 2009 and November 2, 2015 or $59,973 per day for each separate violation of the CWA which occurred after November 2, 2015;

4.     A judgment assessing civil penalties against Defendants Highland and Griffith in favor of the State, not to exceed $25,000 per day for each separate violation of Ind. Code 13-18-4-5 that occurred;

5.     Award the United States and the State their respective costs and disbursements in this action; and

6.      Grant such other relief as this Court deems appropriate.


                                        Respectfully submitted,


                                        FOR THE UNITED STATES OF
                                        AMERICA

                                        TODD KIM
                                        Assistant Attorney General
                                        Environment and Natural Resources
                                        Division


                                         /s/ Alison C. McGregor
                                        ALISON C. McGREGOR
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Environmental Enforcement Section
                                        P.O. Box 7611
                                        Washington, DC 20044
                                        (202) 514-1491
                                        alison.mcgregor@usdoj.gov

CLIFFORD D. JOHNSON
United States Attorney
Northern District of Indiana

SHARON JEFFERSON
Assistant United States Attorney
Northern District of Indiana
5400 Federal Plaza, Ste. 1500
Hammond, IN 46320
(219) 937-5681
sharon.jefferson2@usdoj.gov

OF COUNSEL:

SUSHILA NANDA
Attorney Advisor
U.S. EPA Headquarters
Ariel Rios Building (2243A)
1200 Pennsylvania Ave., NW
Washington, DC 20460


ANDRE DAUGAVIETIS
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
Office of Regional Counsel


ROBERT GUENTHER
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
Office of Regional Counsel

FOR THE STATE OF INDIANA

INDIANA ATTORNEY GENERAL


PATRICIA ORLOFF ERDMANN
Chief Counsel for Litigation
Office of Indiana Attorney General
Todd Rokita
402 West Washington Street
IGCS, 5th Floor
Indianapolis, IN 46204


OF COUNSEL

ELIZABETH ADMIRE
Attorney
Indiana Department of Environmental Management
100 North Senate Street
P.O. Box 6015
Indianapolis, IN  46206

15